UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

NO. 1:19CR63

UNITED STATES OF AMERICA )
)
vs. )
)
JOSEPH C. VANDEVERE, JR. )
_____ )

**MOTION TO DISMISS
and INCORPORATED MEMORANDUM OF LAW**

COMES NOW the defendant, by and through the undersigned counsel who does hereby move this Court pursuant to dismiss the indictment herein on the grounds that prosecution of this case violates the First Amendment of the United States Constitution and in support thereof does offer the following:

**BACKGROUND**

1. The defendant Joseph Vandevere is charged with one count of communicating "a threat to injure" "Q.R." in violation of 18 U.S.C. § 875(c), by sending an electronic communication known as a "tweet" via the social media platform Twitter.

2. The "tweet" at issue herein was sent to an individual identified only as "Q.R." in the indictment. The text of the "tweet" stated: "HI PEDOPHILE PROPHET MUHAMMAD CUBE WORSHIPPING INBRED MUSLIM SCUM

LETS MEET SO YOU CAN RUN THAT COWARD MOUTH TO MY FACE. PLEASE VIEW YOUR DESTINY." Following the text was a copy of the well-known photograph of the "Lynching of Leo Frank," an archival photo which is contained, *inter alia*, in the Library of Congress. *See* https://www.loc.gov/item/2004669761/ (last visited 8/8/2019).

3. The defendant is informed and believes that at the time "Q.R." was running for a political office in the State of Virginia.[1]

4. Mr. Vandevere further submits that "tweet" referenced in the indictment consists of pure speech which does not fall into any of the traditional categories of unprotected speech. The content of the "tweet" herein does not meet the definition of a "true threat" or any other category of unprotected speech. ***United States v. Stevens***, 599 U.S. 460, 468 (2010). As applied to Mr. Vandevere and the facts herein, this prosecution under 18 U.S.C. § 875(c) is a prohibited content restriction and unconstitutional under the First Amendment.

### ARGUMENT AND MEMORANDUM OF LAW

**The Prosecution of Mr. Vandevere Under 18 U.S.C. § 875(c) violates his First Amendment rights as applied to facts of this case**

The First Amendment states in pertinent part: "Congress shall make no law…abridging the freedom of speech." U.S. Const. Amend. I. This particular

---

[1] *See* https://www.nytimes.com/2019/07/01/us/muslim-candidate-lynch-tweet.html?searchResultPosition=1

provision of the First Amendment is understood to mean that the government has no power to restrict expression due to the content of the message or the subject matter. 559 U.S. at 468 (2010). The defendant herein submits that the "tweet" at issue is just such an impermissible content restriction.

### A. The communication herein does not constitute a "true threat."

The Supreme Court has identified certain categories of "unprotected speech" that may be regulated. Those categories include: obscenity, defamation, fraud, incitement or speech integral to criminal conduct. *United States v. Stevens*, 559 U.S. 460, 468 (2010). In addition to these categories of "unprotected speech," the Court has also determined it permissible for government to prohibit speech that constitutes a "true threat." *Virginia v. Black*, 538 U.S 343, 359 (2003).

In order for a communication to be a "true threat" it must: "…encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." 538 U.S. at 359. The communication herein cannot be understood as a" serious expression of an intent to commit an act of unlawful violence" and thus is not a "true threat."

The admonition to "view your destiny" is not an expression of an intent to take any action against the recipient. The photo of the Leo Frank lynching also cannot be understood as an expression of an intent by the defendant to commit any

act. The combination of the statement and the photo provides a context for the whole of the communication as a metaphor.

It would be absurd to understand the communication as a threat that the defendant would actually conduct a lynching of "Q.R." But this is the only way in which the communication would constitute a "serious expression of an intent to commit an act of unlawful violence." Otherwise, the communication, at most, suggests to the recipient that some persons or unknown entities might undertake a lynching due to his religious beliefs.

As the decision in ***Virginia v. Black***, *supra*, illustrates, a constitutionally prohibited communication must encompass "the intent of placing the victim in fear of bodily harm or death." *Id*. at 360. Similarly, in ***United States v. White***, 810 F.3d 212 (4th Cir. 2016), the Court enunciated that for guilt to attach the defendant must "transmit a communication for the purpose of issuing a threat or with knowledge that the communication will be viewed as a threat…" *Id*. at 220.

The "tweet" herein can hardly be understood as an intended threat by the defendant. The language at the beginning of the "tweet" expresses a strong objection to the recipient's religious beliefs. This language provides the context for the "view your destiny" line and the picture. Taken as a whole, the communication suggests a metaphorical, not literal, consequence of the recipient's religious beliefs.

A metaphorical expression of the defendant's belief of the consequences of the recipient's religious views cannot be understood as either placing the victim "in fear of bodily harm or death" or a communication issued with "the purpose of issuing a threat."

This conclusion is further supported by the inclusion of the well-known Leo Frank lynching photo. Depending on the perspective of the viewer, the photograph is both emblematic and metaphorical. It is metaphorical for people on both ends of the political spectrum. For some folks embracing ultra-conservative values, images of a noose or a lynching is "the ultimate symbol for not only deterring crime but in eliciting fear in law abiding people not to step out of line." See https://www.leofrank.org/image-gallery/lynchers/ Conversely, for progressive minded folks, the Leo Frank lynching event is understood as the rebirth of Ku Klux Klan. In either context, the photo is heavily laden with metaphorical significance. The metaphorical significance of the photo substantially undercuts any reasonable interpretation of the photo as being a literal suggestion of an actual lynching.

The content of the "tweet" herein cannot be understood as either the subjective communication by the defendant of a threat or a "true threat" to injure the recipient. Accordingly, the prosecution herein of the defendant would violate his rights under the First Amendment.

### B. The communication herein is protected "political hyperbole."

In *Watts v. United States*, 394 U.S. 705 (1969), the Supreme Court recognized that a statement threatening to shoot the President which was made during a political rally was "political hyperbole" and not a "true threat." *Id.* at 708.

In this case, the recipient of the "tweet" is a political candidate. The "tweet" was made in a public forum where many persons make political statements and express their political views. The "tweet" can well be understood as the defendant objecting to "Q.R.'s" political candidacy because of the religious beliefs of the candidate.

As the Court acknowledged in *Watts*, statements in the political arena can be "vituperative, abusive and inexact." *Id.* at 708. Arguably, the statement in *Watts* regarding shooting L.B.J. was a much more direct, and menacing statement than the communication at issue herein. The defendant's characterization of the statement in *Watts* certain holds true here: "a kind of very crude offensive method of stating a political opposition [to a political opponent]." *Id*. at 708.

The importance of considering the forum is further supported by the decision in ***Virginia v. Black***, *supra*. While the Court determined that cross-burning performed in an effort to intimidate would not be protected speech, the Court also noted that "burning a cross at a political really would almost certainly be protected expression." 538 U.S. at 366. This realization regarding context makes plain that

speech with the same content will be protected by the First Amendment if the speech is rendered in the political arena. In 2019, the political arena necessarily includes the public exchange of political views that occurs daily on Twitter and other social media sites.

The "tweet" at issue herein constitutes "political hyperbole" expressing a crude and offensive opposition to the recipient's religious views and thus the recipient's political candidacy. Accordingly, it is not a permissibly prohibited "true threat" and the prosecution of the same violates the defendant's First Amendment rights.

WHEREFORE, the defendant prays this Court that an Order issue dismissing the indictment herein as a violating the defendant's First Amendment rights.

Respectfully submitted this the 13th day of August, 2019.

>						DEVEREUX & BANZHOFF, PLLC
>						The Jackson Building
>						22 South Pack Square Suite 1100
>						Asheville, North Carolina 28801
>						(828) 285-9455
>						(828) 285-9457(fax)
>
>				by:		s/Andrew B. Banzhoff
>						Andrew B. Banzhoff
>						N.C. State Bar # 26432
>						abanzhoff@dblawoffices.com

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the foregoing document was served on the United States Attorney's office by leaving a copy of said document at counsel=s office with a responsible employee therein, by hand delivery or by depositing a copy of the same with the U.S. Postal Service, first-class postage prepaid, or by service through the ECF system to the addressee below:

David.thornloe@usdoj.gov

This the 13th day of August, 2019.

s/ Andrew B. Banzhoff  
Andrew B. Banzhoff