UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:19CR63 |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO |
| JOSEPH CECIL VANDEVERE | ) | DISMISS |
| | ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in opposition to Defendant's Motion to Dismiss the Indictment.

I. **Procedural History**

Defendant was indicted on one count of making a threat in interstate communications in violation of Title 18 U.S.C. § 875(c) on June 20, 2019. *See* Docket Entry 1. Defendant's trial date is currently set for October 7, 2019. *See* Docket Entry 9. On August 13, 2019 Defendant filed a Motion to Dismiss the Indictment. *See* Docket Entry 17.

Defendant moves this Court to dismiss the indictment on the grounds that its prosecution violates the First Amendment of the United States Constitution. Defendant does not cite under which rule of Federal Criminal Procedure he is proceeding, but pretrial motions alleging defects in the indictment are covered by Federal Rule of Criminal Procedure 12(b)(3)(B). Rule 12(b)(1) directs that "a

1

party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(b)(3)(B)(v) allows the defendant to raise as a defect that the indictment fails to state an offense, which seems to be the best fit for Defendant's constitutional claim.

## II. The Indictment

The indictment alleges that on or about March 13, 2018, Defendant knowingly and willfully transmitted a communication containing a threat to injure victim "Q.R." in interstate commerce. The indictment alleges that Defendant did so via a Twitter "tweet" and that the communication contained a picture of a lynching and stated "HI PEDOPHILE PROPHET MUHAMMAD CUBE WORSHIPPING INBRED MUSLIM SCUM LETS MEET SO YOU CAN RUN THAT COWARD MOUTH TO MY FACE...PLEASE...VIEW YOUR DESTINY." *See* Docket Entry 1.

Defendant makes mention in his motion that the victim in the case was a candidate for political office at the time of the threat. Defendant also proffers information concerning the referenced lynching photograph. The government asserts that for purpose of a pretrial motion to dismiss an indictment, Defendant is not entitled to draw upon facts outside the indictment or require the government to prove up its case pretrial. Nonetheless, the government denies that the victim was a political candidate at the time of the threat or that Defendant's threat occurred in

2

the context of any sort of political campaign and the New York Times article cited by Defendant does not show that the victim was a candidate at the time of the threat  The government anticipates that if necessary, the government would show at trial that any political campaign begun by the victim occurred well after the threat was made and had no bearing on the threat.

**III.   Law and Argument**

**A.  The Court should deny the motion because the indictment is sufficient**

Federal Rule of Criminal Procedure 12(b)(3) permits a party to make a pretrial motion challenging the sufficiency of an indictment, but only on limited grounds.  Federal Rule of Criminal Procedure 7(c)(1) specifies that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  "[T]he Federal Rules were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure."  *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007).

Under Rule 12(b)(3), an indictment is sufficient if it: (1) states the elements of the crime charged, (2) adequately apprises the defendant of the nature of the charges so that he may prepare a defense, and (3) allows the defendant to plead the judgment as a bar to future prosecutions for the same offense.  *Hamling v. United States*, 418 U.S. 87, 117 (1974).  *United States v. Duncan*, 598 F.2d 839, 848 (4th

Cir. 1979). *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). *United States v. Huet*, 665 F.3d 588, 595 (3rd Cir. 2012).

A presumption of regularity attaches to a grand jury's indictment, and courts may not "look behind" an indictment if it was returned by a validly constituted grand jury. *United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993). A court may dismiss an indictment where there is "an infirmity of law in the prosecution," but it may not dismiss an indictment "on a determination of facts that should have been developed at trial." *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation and citation omitted).

Under *United States v. Thomas,* 367 F.3d 194, 197 (4th Cir. 2004), dismissal of an indictment is warranted only if the defendant demonstrates that the allegations in the indictment, even if true, would not state an offense. *See also Huet* at 595-596. Defendant does not allege that the indictment fails to state the elements of the offense, rather he alleges that the communication is not a "true threat." Essentially, Defendant raises a defense.

"[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011). "When a federal court uses its supervisory power to dismiss an indictment it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved,

4

therefore, for extremely limited circumstances." *Whitehouse v. United States District Court*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)).

Essentially, in order to grant Defendant's motion, the Court must find that taking the indictment's allegations as true, there are no facts that could meet the elements of the offense because no reasonable jury could find that the alleged communication is a true threat because it is constitutionally protected free speech as a matter of law.

**B. Defendant's constitutional claim is not the rare case meriting pretrial dismissal because it is not inevitably "political hyperbole" as a matter of law**

In *United States v. Elonis*, 135 S.Ct. 2001 (2015), the Supreme Court examined threats made under 18 U.S.C. § 875(c), but notably, the Court did not consider the impact of any First Amendment issues. *Id.* at 2012. Thus *Elonis* left the Fourth Circuit's definition of a "true threat" unchanged. Following *Elonis*, in *United States v. White*, 810 F.3d 212, 221 (4th Cir. 2016), in keeping with prior cases, the court explained again that a true threat is one "that an ordinary, reasonable recipient who is familiar with the context in which the statement is made would interpret it as a serious expression of an intent to do harm." *See also United States v. White*, 670 F.3d 498, 508-510 (4th Cir. 2012).

Previously, *United States v. Spruill*, 118 F.3d 221, 228 (4th Cir. 1997) explained that "mere political argument, idle talk or jest" are not true threats. But a true threat dressed up in political rhetoric or artistic expression alone does not furnish a defense. *See United States v. Castillo*, 564 F. Appx 500 (11th Cir. 2014) (a threat to kill the president not protected as "political hyperbole" when contained in a Facebook post containing policy criticism). In the case at bar, the indictment alleges that Defendant sent a picture of a lynching to the victim along with a message ending with the words, "view your destiny." No mention of a political campaign exists in Defendant's communication and this Court should find that the government's indictment easily passes the mark for alleging a communication that could be interpreted as a serious expression of an intent to do harm.

While it is true that statutes criminalizing threats must be interpreted with the First Amendment in mind, several circuits have found that in the usual case, whether a communication constitutes a "true threat" is a matter to be decided by the trier of fact. *See United States v. White*, 610 F.3d 956, 959, 962 (7th Cir. 2010) (whether a communication is protected is a matter for the jury to decide in the case where the facts at trial will inform whether the speech is protected by the First Amendment); *United States v. Clemens*, 738 F.3d 1, 13 (1st Cir. 2013) (in the usual case, whether a communication constitutes a threat or a true threat is a matter to be decided by the trier of fact); *United States v. Stock*, 728 F.3d 287, 298 (3d Cir.

2013) (dismissal of indictment is not appropriate when reasonable jurors could conclude that a communication is a true threat).

In *United States v Keystone*, 2019 WL 289820 (W.D. Virginia 2019), the district court was faced with a nearly identical motion to dismiss and made short work of it, holding that the indictment contained threats to injure another, and that the question of whether they are "true threats" is a jury question. Unless the court finds that as a matter of law, no reasonable person would interpret the communication as a serious expression of intent to do harm, then the true threat argument is not an appropriate basis for dismissing the indictment. *Id.; see also United States v. Roberts*, 915 F.2d 889, 891 (4th Cir. 1990) ("[W]hat is or is not a true threat is a jury question.").

**IV.	Conclusion**

For the reasons stated, the undersigned asks this Court to deny the motion.

**RESPECTFULLY SUBMITTED**, this the 20th day of August, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

/s/ DAVID A. THORNELOE
ASSISTANT UNITED STATES ATTORNEY
North Carolina Bar number 54463
U.S. Courthouse
100 Otis Street
Room 233
Asheville, NC 28801
(828) 271-4661
(828) 271-4670 (fax)
Email:david.thorneloe@usdoj.gov