UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:19-cr-63-MOC-WCM-1

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOSEPH CECIL VANDEVERE,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss Indictment. (#17).

It appears that because the Government has filed a Superseding Bill of Indictment, then the motion to dismiss may be moot. See United States v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994) ("Filing a superseding indictment has the same effect as dismissing an original indictment and filing a new indictment...."); but see United States v. White, 2017 WL 1684860, at *3 (D.S.C. May 3, 2017) ("In the absence of guidance from the Fourth Circuit, the court declines to adopt the approach taken by these district courts, which often deny such motions without explanation, and, instead holds to the proposition that logically follows from the decisions of the courts of appeals: because the filing of a superseding indictment does not void a prior indictment, a motion to dismiss the prior indictment is not mooted ipso facto by the mere filing of a superseding indictment."). Each party shall address, in a brief written memorandum within ten days of this Order, whether the filing of the Superseding Bill of Indictment has rendered as moot defendant's pending motion to dismiss.

**IT IS SO ORDERED**.

Signed: September 3, 2019

Max O. Cogburn Jr.
United States District Judge