UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:19-cr-63-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JOSEPH C. VANDEVERE, JR.,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Indictment, (Doc. No. 17).

### I. BACKGROUND

On June 20, 2019, Defendant was indicted on one count of making a threat in interstate communications, in violation of 18 U.S.C. § 875(c).[1] See (Doc. No. 1). More specifically, the indictment alleges that on or about March 13, 2018, Defendant knowingly and willfully transmitted a communication containing a threat to injure victim "Q.R." in interstate commerce. The indictment alleges that Defendant did so via a Twitter "tweet" and that the communication contained a picture of a lynching and stated "HI PEDOPHILE PROPHET MUHAMMAD CUBE WORSHIPPING INBRED MUSLIM SCUM LETS MEET SO YOU CAN RUN THAT COWARD MOUTH TO MY FACE...PLEASE...VIEW YOUR DESTINY." See (Doc. No. 1). On August 13, 2019, Defendant filed the pending motion to dismiss the indictment on the ground

---

[1] The Government filed a Superseding Bill of Indictment on August 21, 2019.

1

that its prosecution violates the First Amendment of the United States Constitution. See (Doc. No. 17). The Government opposes the motion.

## II. DISCUSSION

Federal Rule of Criminal Procedure 12(b)(3) permits a party to make a pretrial motion challenging the sufficiency of an indictment, but only on limited grounds.[2] Under Rule 12(b)(3), an indictment is sufficient if it: (1) states the elements of the crime charged, (2) adequately apprises the defendant of the nature of the charges so that he may prepare a defense, and (3) allows the defendant to plead the judgment as a bar to future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974). Federal Rule of Criminal Procedure 7(c)(1) specifies that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "[T]he Federal Rules were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." United States v. Resendiz-Ponce, 549 U.S. 102, 110 (2007).

A presumption of regularity attaches to a grand jury's indictment, and courts may not "look behind" an indictment if it was returned by a validly constituted grand jury. United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1993). A court may dismiss an indictment where there is "an infirmity of law in the prosecution," but it may not dismiss an indictment "on a determination of facts that should have been developed at trial." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation and citation omitted). Under United States v.

---

[2] Defendant does not cite under which rule of Federal Criminal Procedure he is proceeding, but pretrial motions alleging defects in the indictment are covered by Federal Rule of Criminal Procedure 12(b)(3)(B). Rule 12(b)(1) directs that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(b)(3)(B)(v) allows the defendant to raise as a defect that the indictment fails to state an offense, which seems to be the best fit for Defendant's constitutional claim.

2

Thomas, 367 F.3d 194, 197 (4th Cir. 2004), dismissal of an indictment is warranted only if the defendant demonstrates that the allegations in the indictment, even if true, would not state an offense. In other words, to grant Defendant's motion, the Court must find that, taking the indictment's allegations as true, there are no facts that could meet the elements of the offense because no reasonable jury could find that the alleged communication is a true threat because it is constitutionally protected free speech as a matter of law.

Furthermore, although statutes criminalizing threats must be interpreted with the First Amendment in mind, courts have found that whether a communication constitutes a "true threat" is a matter generally to be decided by the trier of fact. See United States v. Roberts, 915 F.2d 889, 891 (4th Cir. 1990) ("Generally, what is or is not a true threat is a jury question."); United States v. Clemens, 738 F.3d 1, 13 (1st Cir. 2013) (in the usual case, whether a communication constitutes a threat or a true threat is a matter to be decided by the trier of fact); United States v. Stock, 728 F.3d 287, 298 (3d Cir. 2013) (dismissal of indictment is not appropriate when reasonable jurors could conclude that a communication is a true threat); United States v. White, 610 F.3d 956, 959, 962 (7th Cir. 2010) (whether a communication is protected is a matter for the jury to decide in the case where the facts at trial will inform whether the speech is protected by the First Amendment).

In support of the motion to dismiss, Defendant contends that he "is informed and believes" that, at the time of the threat, the victim was a candidate for political office.[3] Defendant also proffers information concerning the referenced lynching photograph. Defendant

---

[3] In opposing the motion, the Government denies that the victim was a political candidate at the time of the threat.

3

does not allege that the indictment fails to state the elements of the offense. Rather, he alleges that the communication is not a "true threat."

Here, the indictment alleges that Defendant sent a picture of a lynching to the victim along with a message ending with the words "view your destiny." This Court cannot say, as a matter of law, that no reasonable person would interpret this communication as a serious expression of intent to do harm. Accord United States v Keystone, No. 2:18cr13, 2019 WL 289820, at *2 (W.D. Va. Jan. 22, 2019) (on a nearly identical motion to dismiss, holding that the indictment contained threats to injure another, and that the question of whether they are "true threats" is a jury question). Nor is the alleged threat inevitably "political hyperbole" as a matter of law.[4] The Fourth Circuit has held that "mere political argument, idle talk or jest" are not true threats. United States v. Spruill, 118 F.3d 221, 228 (4th Cir. 1997). However, a true threat dressed up in political rhetoric or artistic expression alone does not render it a non-threat. See United States v. Castillo, 564 F. Appx. 500 (11th Cir. 2014) (a threat to kill the president not protected as "political hyperbole" when contained in a Facebook post containing policy criticism).

In sum, for all these reasons, Defendant's motion to dismiss is denied.

**ORDER**

---

[4] In United States v. Elonis, 135 S. Ct. 2001 (2015), the Supreme Court examined threats made under 18 U.S.C. § 875(c), but the Court did not consider the impact of any First Amendment issues. Id. at 2012. Thus, Elonis left the Fourth Circuit's definition of a "true threat" unchanged. Following Elonis, in United States v. White, 810 F.3d 212, 221 (4th Cir. 2016), in keeping with prior cases, the court explained again that a true threat is one "that an ordinary, reasonable recipient who is familiar with the context in which the statement is made would interpret it as a serious expression of an intent to do harm." See also United States v. White, 670 F.3d 498, 508-510 (4th Cir. 2012).

4

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (Doc. No. 17), is **DENIED**.

Signed: September 16, 2019

*[signature]*

Max O. Cogburn Jr.
United States District Judge