**UNITED STATES v. JOSEPH CECIL VANDEVERE**

**a/k/a "DaDUTCHMAN5"**
**a/k/a "Da Dutchman"**
**a/k/a "Bob Smith"**

**DOCKET NO. 1:19-CR-63-MOC**

**<u>JURY INSTRUCTIONS</u>**

**INTRODUCTORY REMARKS**

Ladies and Gentlemen of the jury - you have heard the evidence and the arguments of counsel, and the Court will now instruct you as to the law applying to this case. The Court will first instruct you on some rules for matters of a criminal nature, including how to assess the credibility of witnesses, then a discussion of the offense charged in this particular case, and some concluding instructions.

It is your duty and your responsibility in this trial to find the facts. You may find those facts from the evidence which has been presented during this trial. The evidence consists only of the testimony of the various witnesses who have been called, sworn, and testified in your presence, the exhibits which have been admitted into evidence by the Court, and any stipulation of fact made by the parties.

You are to take the law as it applies to this case from the Court as given to you during these instructions. You then will apply the law given to you by the Court to the facts which you find from the evidence and reach a verdict in this case.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you, of course, are to be governed by these instructions.

You are not to single out one instruction alone as stating the law, but must consider all of the instructions as a whole.

You are required to perform these duties without bias, prejudice, or sympathy for any party. The law does not permit jurors to decide cases on the basis of bias, prejudice, sympathy or on any basis other than solely upon the basis of the facts and the law arising in that particular case.

## OVERVIEW OF THE CASE/
## INDICTMENT BUT ACCUSATION/
## DEFENDANT DENIES CHARGES

This case involves a charge, by Bill of Indictment, of knowingly and willfully transmitting a communication in interstate commerce threatening to injure the victim, "Q.R.," brought against the defendant, Joseph Cecil Vandevere also known as "DaDUTCHMAN5," "Da Dutchman," and "Bob Smith."

An indictment is a formal method of accusing a defendant of a crime. It is used to inform the defendant of the charges against him and bring him to trial. It is not evidence of any kind against a defendant, nor does it give rise to any presumption or inference of guilt.

It is up to you, the jury, to decide if, in fact, the defendant is guilty of the charge outlined in the Bill of Indictment.

## COURT'S COMMENTS ON CERTAIN EVIDENCE

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. I do not recall making any such comments in this case. However, if I did, you, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations if any concerning the evidence received in the case.

## COURT'S QUESTIONS TO WITNESSES

During the course of the trial, I may have occasionally asked questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter not to help one side of the case or hurt another side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## COURT'S COMMENTS TO COUNSEL/OBJECTIONS AND RULINGS

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## CONSIDER ONLY THE OFFENSE CHARGED

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate" with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution and the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. The term "reasonable doubt" means just what it says. It is a doubt based upon reason and common sense. Its meaning is, no doubt, self-evident and understood by you, and the Court will not attempt to define the term further.

Unless the government proves, beyond a reasonable doubt, that the defendant you are considering has committed each and every element of the offense charged in the indictment, you must find that defendant not guilty of the offense.

## EVIDENCE RECEIVED IN THE CASE: STIPULATIONS, JUDICIAL NOTICE, AND INFERENCES PERMITTED

The evidence in this case consists of the sworn testimony of the witnesses regardless of who may have called them, all exhibits received in evidence regardless of who may have produced them, all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case. You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

## INFERENCES FROM THE EVIDENCE

While you should only consider evidence presented during the trial of this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach

conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case. Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

## THE QUESTION IS NOT EVIDENCE

Only the answers are evidence. If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact, unless the witness adopts the lawyer's assertion of fact. The lawyer's statements are not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which a jury may properly find the defendant guilty of an offense. One is direct evidence, such as the testimony of an eye witness. The other is circumstantial evidence, which is the proof of a chain of circumstances pointing to the commission of the offense.

Circumstantial evidence is that evidence which tends to prove a disputed fact by proof of other facts which have a legitimate tendency to lead the mind to a conclusion that the fact exists which is sought to be established. As a general rule, the law makes no distinction between direct and circumstantial evidence.

## LAW ENFORCEMENT WITNESS

Because a particular witness may be a law enforcement officer, or for that matter, an employee of any other governmental agency, does not mean that his or her testimony is deserving of any special consideration or any greater weight than that of any other witness's testimony. You may judge the credibility of all witnesses, including government employees, and consider their interest, if any, in determining the weight to be given to their testimony.

## CONVICTION OF A FELONY

The testimony of a witness may be discredited or impeached by showing that the witness has been convicted of a crime punishable by imprisonment for a term of more than one year. Prior conviction does not render a witness incompetent to testify, but is merely a circumstance which you may consider in determining the credibility of the witness. It is the province of the jury to determine the weight to be given to any prior conviction as impeachment.

## JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

## JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.  You are the sole judges of the evidence received in this case.

## CREDIBILITY OF WITNESSES

The Court instructs you that you are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  While there is no absolute or arbitrary guide or measure by which you shall determine the truthfulness or untruthfulness of a witness, the Court will point out

Case 1:19-cr-00063-MOC-WCM   Document 39   Filed 12/06/19   Page 9 of 23

to you certain general principles which you should consider when you pass upon this phase of this case. Among the things which you may properly consider in the determination of the credibility of the witnesses are:

1. Whether the witness has any motive or reason for being truthful or untruthful in his or her testimony.

2. His or her interest, if any, in the outcome of the case.

3. Whether there has appeared from his or her attitude or conduct any bias, prejudice or feeling which may cause his or her testimony to be influenced.

4. Whether his or her testimony bears the earmarks of truthfulness.

5. To what extent, if any, it is corroborated or confirmed by other testimony which is not questioned, or to what extent, if any, it is corroborated or confirmed by known or admitted facts.

6. You may consider the intelligence and mental capacity of a witness and his or her opportunity to have accurate knowledge of the matters to which he or she testifies.

The Court instructs you that you may believe all that a witness says or none, or believe part and disbelieve part. You may consider the interest that the witness may have in your verdict, the demeanor of the witness on the stand, the reasons for his or her testimony, and the means which the witness may have to know the things to which he or she has testified. If you find a witness is interested in your verdict, it is your duty to scrutinize his or her testimony closely, but after you have done so and if you find he or she is telling the truth in whole or in part, you will give that testimony the same weight you would that of a disinterested witness.

It is your duty, ladies and gentlemen of the jury, to find the truth of this matter.

## IMPEACHMENT/INCONSISTENT STATEMENTS OR CONDUCT

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars, and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the government is not required to prove the essential elements of the offense as defined in these instructions by a particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of an essential element of the offense charged, if you believe that the witness has truthfully and accurately related what, in fact, occurred.

## EVIDENCE OF OTHER BAD ACTS

You have heard evidence that the defendant committed certain acts which may be similar to acts charged in the indictment. You may not consider this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited purposes, such as the following:

■ to prove that the defendant had a motive or the opportunity to commit the crime charged in the indictment;

■ to prove that the defendant had the state of mind or the intent necessary to commit the crime charged in the indictment;

■ to prove that the defendant acted according to a plan or in preparation to commit the crime charged in the indictment;

■ to prove that the defendant knew what he was doing when he committed the crime charged in the indictment;

■ to prove the defendant's identity;

■ to prove that the defendant did not commit the crime charged in the indictment by mistake or accident.

## EXPERT WITNESSES

During the trial, you heard testimony from witnesses who were allowed to give opinion testimony in certain fields. These witnesses were permitted to testify even though they may not have actually witnessed any of the events involved in this trial.

A person's training and experience may give him or her specialized knowledge in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because the witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe his or her testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness=s background, training and experience is sufficient to give the opinion that you heard. You must also decide whether the opinions were based on sound reasons, judgment, and information.

## AUDIO/VIDEO RECORDINGS AND TRANSCRIPTS

An audio and video recording of a conversation has been admitted into evidence. A transcript of the conversation has been prepared. The recording and not the transcript is the evidence, and therefore the transcript is not in evidence. The transcript is to be used only as a guide in following the recording. Your understanding of the recording, rather than the transcript, is to govern your deliberations.

**[IF APPROPRIATE]**
**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

A defendant has an absolute right not to testify. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent. This is a very important Constitutional right and should not be disregarded by the jury.

**[IF APPROPRIATE]**
**DEFENDANT AS WITNESS**

The defendant took the witness stand and testified on his own behalf. Defendants are interested witnesses. You will scrutinize his evidence in the light of the interest that he has in the case. If after scrutinizing the testimony, if you find that the defendant has told the truth, you should give his testimony the same weight as that of other witnesses. The Court further instructs you that you are to consider the defendant's testimony as you would any other witness.

**EXCLUSION OF STATEMENTS FROM WITNESS STAND**

During the trial, I struck or instructed you to exclude from consideration certain statements made from the witness stand. I remind you that it is your duty to follow that instruction and consider only that evidence which was duly allowed from the witnesses presented to you.

**ATTORNEY'S DUTY TO OBJECT**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect

of such evidence. You, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer the question.

**USE OF NOTES**

You may use the notes, if any, taken by you during the trial. You are instructed that your notes are only a tool to aid your own individual memory and should not be substituted for your memory. Moreover, you should not compare your notes with other jurors' notes in determining the content of testimony or in evaluating the importance of any evidence. Remember, your notes are not evidence.

If you chose not to take notes, remember it was your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who took notes. We depend on the judgment of all members of the jury; you must all remember the evidence in this case.

**PUNISHMENT – PROVINCE OF THE COURT**

The punishment provided by law for the offenses charged in the indictment, should there be a verdict of guilty of the offense, is a matter exclusively within the province of the Court, and should never be considered by the jury in any way in arriving at an impartial verdict as to whether a defendant is guilty or not guilty of any offense charged.

## TRANSITION TO THE OFFENSES CHARGED

I will now instruct you concerning the charges in this case, the law applicable to those charges, the elements of that offense, and definitions of key legal terms used in the indictment and in the applicable law.

## TRANSITION TO DEFINITIONS

I will define certain terms used in the essential elements. You are to apply these definitions as you consider the evidence. If I do not define certain words, you will assign to them their ordinary, everyday meaning.

## "ON OR ABOUT"

You will note the indictment charges that the offenses were committed "in or around" or "on or about" a certain date or dates. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense in question was committed on a date reasonably near the date alleged.

## "AND/OR"

Where a statute specifies several alternative ways in which an offense can be committed in the disjunctive, or using the word "or," the indictment may allege the several ways in the conjunctive, or using the word "and." You may find the defendant guilty of the offense if you find beyond a reasonable doubt that he committed one or more of the means of violating the statute. Thus, where the indictment uses the term "and," you may consider it as "or" unless I specifically instruct you differently.

## BILL OF INDICTMENT – INTRODUCTION

In court, we use what is called a Verdict sheet for you to communicate to the court your decision. I have looked at the indictment and I have, as the law requires, drafted this Verdict for your consideration. There are a number of factual issues for you to determine and you are to use the Verdict sheet in conducting your deliberations and in memorializing your determinations

In explaining the charge, I will first read to you the charge as it is contained in the Bill of Indictment, read the statute the defendant is charged with violating as to that charge, and then

provide you with the essential elements of this offense.  I will then give you legal definitions of terms involved in each issue.

You should keep in mind as I review and summarize the charges that when you go into the jury room to decide this case, you will have a copy of the Bill of Indictment with you, so it will not be necessary for you to try to memorize, while I speak, exactly how the charges are laid out. My summaries given here will help you, I hope, when you do sit down to a careful consideration of all the issues before you.

### INSTRUCTIONS AS TO COUNT ONE
### (COMMUNICATING A THREAT)

Counts One of the Indictment reads, as follows:

### COUNT ONE

On or about March 13, 2018, in Buncombe County, within the Western District of North Carolina and elsewhere, the defendant,

**JOSEPH CECIL VANDEVERE,**

**a/k/a/ "DaDUTCHMAN5"**

**a/k/a/ "Da Dutchman"**

**a/k/a "Bob Smith"**

knowingly and willfully did transmit in interstate commerce, a communication, that is a Twitter Tweet, and that communication contained a threat to injure Q.R., in that it contained a picture of a lynching and stated "HI PEDOPHILE PROPHET MUHAMMAD CUBE WORSHIPPING INBRED MUSLIM SCUM LETS MEET SO YOU CAN RUN THAT COWARD MOUTH TO MY FACE .. PLEASE…VIEW YOUR DESTINY."

The defendant transmitted this communication for the purpose of issuing a threat, and with knowledge that the communication would be viewed as a threat.

All in violation of Title 18, United States Code, Section 875(c).

### THE STATUTE

Title 18, United States Code, Section 875(c) provides, in pertinent part, that:

Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, [shall be guilty of an offense of the United States].

## THE ELEMENTS

In order to sustain the charges in Count One, the Government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about March 13, 2018, the defendant knowingly transmitted a communication in interstate or foreign commerce.

*Second*, the defendant subjectively intended the communication as a threat <u>to kidnap or injure the person of the recipient.</u>

*Third*, the content of the communication contained a "true threat" to kidnap or injure any person.


An act is done knowingly if it is done voluntarily and purposefully, and not done by mistake, carelessness or other innocent reason. However, the government does not have to prove that the defendant knew of the relevant criminal provisions governing his conduct.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind. You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.

A true threat is one that an ordinary, reasonable recipient who is familiar with the context in which the statement is made would interpret <u>as a serious expression of an intention to commit unlawful physical violence, not merely "political hyperbole"</u>' "vehement, caustic and sometimes

unpleasantly sharp attacks; or "vituperative, abusive, and inexact" statements.[1] <u>Context includes whether or not the communication was conditional in nature.[2]</u>

The government may prove that the defendant subjectively intended the communication as a threat if it is shown that the defendant had the purpose of issuing a threat. (removing- *or if it is* <u>shown that the defendant had knowledge that the communication would be viewed as a threat.[3]</u>)

The term "interstate commerce" includes commerce between one State, Territory, Possession, or the District of Columbia and another State, Territory, Possession, or the District of Columbia. Interstate commerce can include the movement of money, goods, services or persons from one state to another. This would include the purchase or sale of goods or supplies from outside North Carolina, the use of interstate mail or wire facilities, the travel of people between states, the use of the Internet, or the causing of any of those things.[4]

## FINAL INSTRUCTIONS

Members of the jury, you have now heard the evidence and the arguments of counsel for the government and for the defendant. It is your duty to remember the evidence whether it has been called to your attention or not, and if your recollection of the evidence differs from that of the U.S. Attorney, or of the defense attorney, you are to rely solely upon your recollection of the evidence in your deliberations. I have not reviewed the contentions of the government or of the

---

[1] *Elonis v. United States*, ___ U.S. ___, 135 St. Ct. 2001, 2019, 192 L. Ed. 2d 1 (2015).
[2] *Watts v. United States*, 394 U.S. 705, 708 (1969).
[3] *United States v. White*, 810 F.3d 212, 220 (4th Cir. 2016), citing *United States v. Elonis*, 135 S.Ct. 2001, 2012 (2015).
[4] 18 U.S.C. § 10. Also, "[I]nternet and email are facilities or means of interstate commerce." *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) cited by *United States v. Gray-Sommerville*, 618 Fed. Appx. 165, 168 (4th Cir. 2015) (unpublished).

defendant, but it is your duty not only to consider all the evidence, but also to consider all the arguments, the contentions and positions urged by the U.S. Attorney and defense counsel in their speeches to you and any other contention that arises from the evidence, and to weigh them all in the light of your common sense, and as best you can, to determine the truth of this matter.

The law, as indeed it should be, requires the presiding judge to be impartial. So, you must not attempt to draw any conclusion from any ruling that I have made, or any inflection in my voice or expression on my face, or any question I may have asked or anything else that I may have said or done during this trial that I have a particular view of this case. In particular, you are not to draw from any conduct on my part a conclusion that I have an opinion or have intimated an opinion as to whether any part of the evidence should be believed or disbelieved, as to whether any fact has or has not been proved, or as to what your findings ought to be. It is your exclusive province to find the true facts of the case and to render a verdict reflecting the truth as you find it.

I instruct you that a verdict is not a verdict until all twelve jurors agree unanimously as to what your decision shall be. You may not render a verdict by majority vote.

The Court suggests that as soon as you reach the jury room, before beginning deliberations, you select one of your members to serve as foreperson. The foreperson has the same vote as the rest of the jurors, but simply serves to preside over the discussions. Once you begin deliberating, if you need to communicate with me, the foreperson will send a written message to me by knocking on the door and handing it to the Marshal. However, in any event, do not tell me how you stand numerically as to your verdict – for instance, if you are split in the vote, do not tell me the specific numbers in your note.

We use a Verdict sheet. This is simply the written notice of the decision that you reach in this case. As soon as you have reached a verdict as to defendant on the count contained in the bill

of indictment, you will return to the courtroom and your foreperson will, on request, hand the Verdict sheet to the Clerk.

During the trial several items were received into evidence as exhibits. They are available to you electronically in the jury room.