IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 63

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| JOSEPH CECIL VANDEVERE ) | |
| ) | |

This matter is before the Court on Defendant's Motion to Seal Document (Doc. 54) ("Motion to Seal"), which requests the sealing of Defendant's Sentencing Memorandum and Request for Variance from Advisory Guidelines (Doc. 55) ("Sentencing Memorandum").

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Motion to Seal was filed on May 26, 2020 and the Sentencing Memorandum was filed on May 27, 2020; Defendant's sentencing is scheduled for June 2, 2020. The Sentencing Memorandum consists of seven pages. Attached to the Sentencing Memorandum are letters of support (Doc. 55–1) and certain medical records (Doc. 55–2).

In the Sentencing Memorandum, Defendant argues that information concerning one of his children and information concerning his medical status are "[two] very important points relative to the sentencing in this case." (Doc. 55) at 3. Defendant goes on to argue that a prison sentence is not necessary and that it would be appropriate for the District Court to grant a variance from the guidelines.

While the Motion has not appeared on the docket for very long, the undersigned finds that some sealing is appropriate. At the same time, the undersigned is not convinced that wholesale sealing of the Sentencing Memorandum and the attached exhibits is warranted. In particular, the undersigned finds that sealing is appropriate with respect to 1) Defendant's medical records and 2) the Sentencing Memorandum and letters of support, to the extent they contain information pertaining to Defendant's minor children. See United States v. Harris, 890 F.3d 480, 483 (4th Cir. 2018)).

The undersigned is not convinced, though, that the same conclusion should be reached with respect to the references to Defendant's medical information that appear in the Sentencing Memorandum. Though "the medical . . . information in Defendant's sentencing memorandum is private information . . . [t]he public's interest . . . outweighs this privacy right" here, where Defendant is relying on that information in support of his argument for a variance. United States v. Cannon, No. 3:14-CR-00087-FDW, 2015 WL

3751781, at *4 (W.D.N.C. June 16, 2015).

Consequently, the undersigned will direct that Defendant's medical records, as well as the original copies of the Sentencing Memorandum and letters of support, be sealed but that Defendant submit redacted copies of the Sentencing Memorandum and the letters.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Seal Document (Doc. 54) is **GRANTED IN PART** as follows:

1. The copy of Defendant Sentencing Memorandum, including the letters of support and Defendant's medical records, which has been filed as Document 55 is **SEALED** and shall remain sealed until further Order of the Court.

2. Defendant is **DIRECTED** to file a redacted copy of the Sentencing Memorandum and redacted copies of the letters of support from which references to Defendant's children have been removed.

Signed: June 1, 2020

W. Carleton Metcalf
United States Magistrate Judge