**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4326

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOSEPH CECIL VANDEVERE, a/k/a DaDUTCHMAN5, a/k/a Da Dutchman, a/k/a Bob Smith,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:19-cr-00063-MOC-WCM-1).

Submitted: May 13, 2021                                              Decided: June 4, 2021

Before NIEMEYER, KEENAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX BANZHOFF, PLLC, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

  A jury convicted Joseph Cecil Vandevere of transmitting a threatening communication in interstate commerce, in violation of 18 U.S.C. § 875(c). On appeal, Vandevere maintains that the communication contained constitutionally protected speech and not an unprotected "true threat," and that the district court thus erred in denying his motions to dismiss the indictment and for a judgment of acquittal. Finding no reversible error, we affirm.

  We review de novo the district court's denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal, *United States v. Tillmon*, 954 F.3d 628, 637 (4th Cir.), *cert. denied*, 140 S. Ct. 91 (2019), and whether a written communication is constitutionally protected speech or "an unprotected 'true threat,'" *United States v. Bly*, 510 F.3d 453, 457 (4th Cir. 2007). The transmission of threats in interstate commerce is prohibited by 18 U.S.C. § 875(c). To convict a defendant of violating § 875(c), the government must establish "(1) that the defendant knowingly transmitted a communication in interstate or foreign commerce; (2) that the defendant subjectively intended the communication as a threat; and (3) that the content of the communication contained a 'true threat' to kidnap or injure." *United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016). "To prove the second element, the [g]overnment . . . must establish that the defendant transmitted the communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat, or, perhaps, with reckless disregard for the likelihood that the communication will be viewed as a threat." *Id.* at 221 (internal quotation marks omitted).

2

"[A] true threat in the constitutional sense is one that a reasonable recipient who is familiar with the circumstances would interpret as a serious expression of an intent to do harm." *Id.* at 219 (internal quotation marks omitted). "The speaker need not actually intend to carry out the threat," because "a prohibition on true threats protects individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur." *Virginia v. Black*, 538 U.S. 343, 359-60 (2003) (brackets and internal quotation marks omitted).

In analyzing the parameters of the First Amendment's protection of threatening language in *Watts v. United States*, 394 U.S. 705 (1969), the Supreme Court identified four factors in determining that the statement at issue in that case was not a true threat. The Court noted that Watts' communication was: (1) made in jest; (2) to a public audience; (3) in political opposition to the President; and (4) conditioned upon an event the speaker himself vowed would never occur. *Id.* at 707-08; *see also United States v. Lockhart*, 382 F.3d 447, 451-52 (4th Cir. 2004) (applying these four factors and finding that statement contained a true threat).

In applying these four factors to Vandevere's case, we conclude that his statement, directed to a private party on Twitter, contained a true threat. We note first that a reasonable recipient familiar with the context would have felt threatened by the message and would not have construed it as a joke. Second, unlike the statement made to the public in *Watts*, the tweet here was specifically directed at one person, albeit in a public forum. Third, the tweet was not communicated in a manner to engage anyone in public discourse regarding his political beliefs. Finally, viewing the tweet in the context in which it was

3

received, Vandevere's statement would indicate to a reasonable recipient that Vandevere had a serious intent to do harm.

    Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*