UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOSEPH CECIL VANDEVERE,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cr-00063-MOC-WCM<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION UNDER COMMON LAW RIGHT OF ACCESS FOR RELEASE OF EXHIBITS

Qasim Rashid, by counsel, hereby moves for the release of publicly filed trial exhibits that are currently restricted to Court-access only. Mr. Rashid files this motion pursuant to the common law right of access to court documents. The trial exhibits at issue contain evidence that is relevant to a civil action filed by Mr. Rashid in the United States District Court for the Eastern District of Virginia, *Rashid v. Vandevere*, No. 1:21-cv-00615-LMB-IDD (E.D.Va.) asserting claims against Defendant Joseph Cecil Vandevere for (i) racial, religious, or ethnic harassment, violence or vandalism in violation of Virginia Code § 8.01-42.1; and (ii) intentional infliction of emotional distress. The United States Attorney's Office for the Western District of North Carolina, with whom the undersigned counsel conferred before filing this motion, does not object to this motion.

### BACKGROUND

Between March 18 and March 21, 2018, Defendant Joseph Cecil Vandevere used the Twitter handle @DaDutchman5 to make multiple intimidating and violent threats against Mr. Rashid, a Virginia politician, attorney, and human rights activist. A grand jury in the United States District

- 1 -

Case 1:19-cr-00063-MOC-WCM   Document 81   Filed 09/28/21   Page 1 of 6

Court for the Western District of North Carolina indicted Defendant Vandevere with transmitting in interstate commerce a communication that contained a threat to injure another person in violation of 18 U.S.C. § 875(c). (Dkt. # 1). The United States tried Defendant Vandevere's criminal charge to a jury in December 2019, and the jury found him guilty of 18 U.S.C. § 875(c). On June 9, 2020, the Court entered its final judgment and sentenced Defendant Vandevere to ten months imprisonment. (Dkt. # 59). Defendant Vandevere began serving his prison sentence at FCI Loretto in Pennsylvania on or about December 8, 2020, and has been released to a halfway house to serve the remainder of his sentence, which is expected to end on October 5, 2021. Defendant Vandevere appealed his criminal conviction, which the Fourth Circuit affirmed. *United States v. Vandevere*, 2021 WL 2287447, No. 20-4326 (4th Cir. June 4, 2021).

On May 19, 2021, Mr. Rashid filed a civil action (the "Civil Action") against Defendant Vandevere asserting claims for (i) racial, religious, or ethnic harassment, violence or vandalism in violation of Virginia Code § 8.01-42.1; and (ii) intentional infliction of emotional distress. As part of its case in chief, the United States introduced several trial exhibits that are relevant to the claims made by Mr. Rashid in his Civil Action. Specifically, Mr. Rashid seeks access to the following trial exhibits listed in Docket # 44:

- Gov-1, Screenshot of Facebook threat against Jewish Synagogue (Rabbi Jacobs)
- Gov-2, Facebook emergency disclosure subscriber business records (Bob Smith Account)
- Gov-3, Facebook emergency disclosure business records affidavit (Bob Smith Account)
- Gov-4, Redacted Twitter threat with lynching photo
- Gov-5, Facebook business records CD
- Gov-5-A, Facebook record, Page 3
- Gov-5-B, Facebook record, Page 138
- Gov-5-C, Facebook record, Pages 144-145

- Gov-5-D, Facebook record, Pages 147-148
- Gov-5-E, Facebook record, Page 150
- Gov-5-F, Facebook record, Page 218
- Gov-5-G, Facebook record, Page 306
- Gov-5-H, Facebook record, Page 307
- Gov-5-I, Facebook record, Page 308
- Gov-5-J, Facebook record, Page 319
- Gov-5-L, Facebook record, Page 645
- Gov-5-M, Facebook record, Page 646
- Gov-7, Twitter business records CD
- Gov-7-A, Twitter exhibit account info
- Gov-7-B, Twitter exhibit phone number
- Gov-7-C, Twitter exhibit IP address
- Gov-7-D, Twitter exhibit Tweet NC Mountains
- Gov-7-E, Twitter exhibit Tweet @MuslimIQ on 3/21/18 at 1537
- Gov-7-F, Twitter exhibit Tweet @MuslimIQ on 3/21/18 at 1538
- Gov-7-G, Twitter exhibit Tweet @MuslimIQ on 3/21/18 at 1759
- Gov-7-H, Twitter exhibit Tweet @MuslimIQ on 3/21/18 at 1909
- Gov-7-I, Twitter exhibit Twitter lynching photo # 1
- Gov-7-J, Twitter exhibit Twitter lynching photo #2
- Gov-8, Twitter business record affidavit
- Gov-9, Video of Defendant's interview
- Gov-9-A, Transcript of Interview

- Gov-9-B, Video of Defendant's interview synchronized with transcript
- Gov-11, "Prob and 334 other like a Tweet you were mentioned in.docx"
- Gov-13, Tweet with Threat to QR

In addition to seeking access to these exhibits via PACER, Mr. Rashid has attempted to obtain these exhibits through informal requests to the United States Attorney's Office for the Western District of North Carolina and this Court. Unfortunately, undersigned counsel understands that, even though the exhibits are unsealed, the Court's JERS system has restricted access to them to "court-access only." Through this motion, Mr. Rashid seeks to correct this apparent clerical error and have the trial exhibits released pursuant to the common law access doctrine.

## ARGUMENT

"The common law presumes a right of the public to inspect and copy all 'judicial records and documents.'" *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988) (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). This presumption of access can be rebutted only if "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* The decision whether to grant or restrict access to judicial records or documents is ultimately a matter of the Court's discretion "to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 598–99.

The public right of access has two dimensions. First, the right protects the public's ability to oversee and monitor the workings of the Judicial Branch. *See Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir.2000) ("Publicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case.")

Second, public access to the courts promotes the institutional integrity of the Judicial Branch. *See United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir.1978).

Here, Mr. Rashid has a presumptive right to obtain the trial exhibits that were made part of the public record in the criminal prosecution of Defendant Vandevere. Those exhibits were never placed under seal, and thus they are judicial records to be treated like any other public records maintained by the Court. The public has an interest in the documents because they were used as part of a criminal prosecution. Mr. Rashid has an even greater interest in the documents because he was the victim of Defendant Vandevere's actions for which Defendant Vandevere was prosecuted, convicted, and imprisoned. There can be no countervailing interest that exceeds Mr. Rashid's interest in obtaining access to the unsealed trial exhibits so that the exhibits can be used as evidence in his Civil Action against Defendant Vandevere. Mr. Rashid respectfully requests that the Court release these trial exhibits.

Date: September 28, 2021

Respectfully submitted,

/s/ Ryan Rich
Ryan G. Rich, N.C. State Bar. 37015
HUNTON ANDREWS KURTH LLP
One South at The Plaza, Suite 3500
101 South Tryon Street
Charlotte, NC 28280
Phone: (704) 378-4778
Fax: (704) 378-4890
rrich@HuntonAK.com

*Attorney for Qasim Rashid*

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, a copy of the foregoing was delivered via electronic mail to the following counsel by service through the ECF system to the addressee below:

AUSA David Thornloe
David.Thornloe@usdoj.gov

*Counsel for the United States of America*

Andrew B. Banzoff, Esq.
abanzhoff@dblawoffices.com

*Counsel for Defendant Joseph Cecil Vandevere*

      /s/ Ryan G. Rich
      Ryan G. Rich